IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 11-cv-01862-RPM

HENRY J. BURBACK,

    Plaintiff,

v.

CEVA FREIGHT, LLC, and
CEVA LOGISTICS U.S., INC.,

    Defendant.

_____

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
_____

On May 20, 2013, the Court granted Defendants' Motion for Summary Judgment, dismissing Plaintiff Henry Burback's Age Discrimination in Employment Act ("ADEA") claims arising from his demotion and firing from CEVA. Mr. Burback filed a Motion for Reconsideration on June 18, 2013.

Plaintiff expresses his Motion in terms of Federal Rules of Civil Procedure 59(e) and 60(b). A motion to reconsider filed more than 28 days after the final judgment in an action should be considered pursuant to Rule 60(b). *Meek v. Jordan*, No. 13-cv-00659, 2013 WL 3216104, at *1 (D. Colo. June 25, 2013) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). Mr. Burback's Motion was filed 29 days after the Court's Judgment was entered. Mr. Burback argues that Federal Rule of Civil Procedure 6 adds three days to the Rule 59(e) deadline. Rule 6 is inapplicable when an entry of judgment commences the time period in question. *See Parker v. Bd. of Pub. Utils. of Kansas City, Kan.*, 77 F.3d 1289

1

(10th Cir. 1996). Therefore, Mr. Burback's Motion will be considered under Rule 60(b), which authorizes the Court to grant relief from a judgment for, as pertinent here, mistake. Construing Rule 60 to its broadest possible limit to encompass the claims of mistake asserted by Mr. Burback, the Court concludes that his claims are unpersuasive.

Mr. Burback maintains that, had the Court considered all the circumstances surrounding his demotion, it would have been clear that he had no choice but to take the demotion. The Court's opinion recognizes that Burback did not apply for Operations Manager position "because he felt [Shawn Stewart] did not want him to, based on Stewart's comments to LaChapelle, Stewart's demeanor, his 'roll the dice' comment, and his stated interest in hiring Rosenbach." Plaintiff's Motion for Reconsideration wrongly asserts that the Court ignored that evidence. Even on Burback's version of the facts, which the Court accepted, there is insufficient evidence to show that he was demoted because of his age.

Mr. Burback also claims that, while the Court acknowledges the reasonable inference that Shawn Stewart was the invisible hand guiding the Operations Manager ("OM") selection process, it failed to recognize that Stewart also orchestrated Burback's demotion to ensure the position was available for Tiffany Rosenbach. The Court acknowledges that Stewart was the decision-maker behind consolidating the OM positions and assumes that he required Burback to apply for the OM or Operations Supervisor position. CEVA has asserted a legitimate reason for requiring Burback to apply for the OM position—it was an expanded portfolio of responsibility compared to his position at the time. There is no evidence supporting an inference that CEVA required Burback to apply for the OM position because of his age.

Mr. Burback further claims that the Court ignored evidence that Fred Ivan retired because he felt Shawn Stewart and others were trying to fabricate a reason to fire him; and ignored a reasonable inference that Stewart was trying to fire Ivan because Ivan was over 60 years old, like Burback. Assuming Ivan's circumstances are material to Burback's, the Court did not ignore the evidence; footnote 2 acknowledges that Ivan left because he thought his employment was going to be terminated.

Mr. Burback disputes the Court's characterization that there was "substantial organizational change" taking place in CEVA's Denver Station in 2010. Burback is splitting hairs: new management had come in, two Operations Manager positions were consolidated into one, and the Operations Supervisor position had been created. Burback also acknowledges that CEVA had recently implemented the LEAN management program

Mr. Burback states that the Court assumed the credibility of Shawn Stewart's statement that the Denver Station was consolidating OM positions because stations of similar size and complexity only had one, even though Stewart was unable to identify another CEVA station of the same size and complexity. Stewart was clearly aware of *similar* CEVA stations, so his lack of awareness of an identical station is hardly material. Burback did not offer any evidence disputing the validity of Stewart's decision to consolidate the Operations Manager positions into one. There is no evidence, for example, that a station of similar size and complexity had two OM positions. The Court did not pass on Stewart's credibility; rather, it concluded that Plaintiff had failed to offer evidence creating a genuine issue of fact.

Mr. Burback claims that the Court mischaracterized a conversation between Shawn Stewart and Brad LaChappelle when it said Stewart's disparaging comments "were not age-related." Burback claims that Stewart's remark that the new LEAN management program

was "outside [Fred Ivan and Burback's] comfort zone" was age-related because it implied that older workers were not suited for the program. Brad LaChappelle states that Fred Ivan was "not really on board" with LEAN, so Stewart's comment was accurate as to him. LaChapelle states that Burback "was willing to do what he was told" as to LEAN. Even still, the inference is that Stewart believed that the LEAN program, because it was new to CEVA, was probably difficult for Burback to adapt to because he had been doing things differently at CEVA for a long time. That is not an age-related comment.

Mr. Burback also claims a discriminatory inference can be drawn from Stewart's disparaging comments because at the time Stewart made them, he knew very little about Burback and the Denver station generally. LaChapelle's affidavit indicates that Randy Modello, Stewart's predecessor, did not like Fred Ivan and Burback because they were "old school." The inference to be drawn is that Modello told Stewart about his feelings about Ivan and Burback, but the "old school" comment is not strictly age-related—rather, it refers to doing things in an old-fashioned way

Mr. Burback claims that, while the Court recognized that Burback moved some CEVA trailers to a secure lot following the first theft of tires, the Court omitted significant facts from its opinion, including: (1) Burback went to the unsecured location to make sure no trailers were parked there; and (2) notified the contractor who was pulling trailers that all trailers were to be kept in a secured yard in the future. Following the second theft, (3) Chris Perkins blamed Burback without investigating the incident or asking whether Burback had been diligent in his duties; and (4) Investigator Seib did nothing to investigate who was responsible for moving the trailer into the unsecured yard. Accepting Burback's claims as true, the fact remained that he was responsible for securing CEVA's trailers, and the trailer

was stolen from on two occasions. Those facts, taken together, do not support an inference that blaming the tire theft on Burback was pretext for age discrimination.

Finally, Mr. Burback rehashes his argument that, because unauthorized drivers were used and over-tariff rates were paid in past practice, the fact that CEVA fired Burback in part because he engaged in such practices demonstrates pretext. It is undisputed that CEVA's written policy forbids those practices. And the evidence Burback presented pertained to how things were done under previous management. According to Chris Perkins' testimony, the use of unauthorized drivers and over-tariff payments were not practices he was aware of or approved of when he took over at the Denver station. Burback flatly states that Perkins' testimony is not credible, but does not offer evidence that would cast it into dispute.

Based on the foregoing, it is

ORDERED that Plaintiff Henry Burback's Motion for Reconsideration is denied.

Dated: August 7, 2013.

                                                            BY THE COURT:

                                                            s/Richard P. Matsch
                                                            _____
                                                            Richard P. Matsch
                                                            Senior District Judge